UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:92-CR-085 |
| | ) | |
| DWIGHT WADE SEATON | ) | |

## MEMORANDUM AND ORDER

The Court is in receipt of a letter [Doc. 74] addressed to the Clerk, received on March 23, 2015, from Dwight Wade Seaton, a federal prisoner confined in Ashland, Kentucky. The facts set forth in Mr. Seaton's letter concern the length of sentence imposed for violating his term of supervised release. Mr. Seaton states, and the record reflects, that he was sentenced to a 36-month term of imprisonment on December 10, 2014, for violating several conditions of supervised release [Doc. 70].

In Mr. Seaton's letter, he claims that at the time of his initial resentencing in 1993, he was "locked in" or "grandfathered in" to the "new old law" on certain terms of supervised release. He claims that under the "new old law," a violation of supervised release could only result in imposition of 2/3 of the penalty, or two years in his case. Thus, he claims that it was improper for the Court to use the 2014 guidelines instead of the 1993 guidelines to determine his revocation sentence.

Mr. Seaton asks the Court to "on its own motion to correct this oversight and resentence me to the proper and lawful 2 year term of imprisonment. Or, treat this letter as a Writ to Correct a Sentence."

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act, this letter automatically would have been deemed to be a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Mr. Seaton, however, has not labeled his submission as a § 2255 motion and such a recharacterization by the Court carries potentially adverse consequences of which Mr. Seaton may be unaware. One of those consequences is that it may make it substantially more difficult for him to file another § 2255 motion because the motion would be subject to the restrictions on "second or successive" motions in 28 U.S.C. § 2255(h). *See Castro v. United States*, 540 U.S. 375, 382—83 (2003) (before a *pro se* litigant's motion may be recharacterized as a first § 2255 motion, the district court must give certain warnings); *accord, In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002).

Therefore, the Clerk of Court is **DIRECTED** to mail the defendant a copy of this order, accompanied by the form which is used to file motions to vacate under § 2255. **No later than June 5, 2015**, the defendant must either: (1) fill out and return the attached preprinted form motion to signify that, in submitting his letter, he intended to bring a motion to vacate under § 2255; or (2) if he does not choose option (1), he must describe, in writing and in sufficient detail, the specific type of action or motion he is filing and explain the basis upon which the requested relief can be granted. If the defendant does not timely comply with this order, the court will assume that he does not wish to proceed in this matter and will deem his letter [Doc. 74] withdrawn.

IT IS SO ORDERED.

    s/ Thomas W. Phillips
    SENIOR UNITED STATES DISTRICT JUDGE