IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DWIGHT WADE SEATON, )
 )
        Petitioner, )
 ) Nos. 3:92-CR-85-TWP-HBG
v. )      3:15-CV-223-TWP
 )
UNITED STATES OF AMERICA, )
 )
        Respondent. )

## MEMORANDUM AND ORDER

Petitioner Dwight Wade Seaton ("Seaton") was convicted by a jury of possession of a firearm by a convicted felon. Seaton was sentenced to 108 months in prison, but the Sixth Circuit Court of Appeals found that Seaton was an armed career criminal and remanded for re-sentencing. *United States v.* Seaton, 45 F.3d 108 (6th Cir. 1995). The Court sentenced Petitioner to a term of 235 months' imprisonment, followed by three years of supervised release. That sentence was affirmed on appeal. Seaton filed a § 2255 motion, which was denied, and that denial was affirmed on appeal. *United States v. Seaton*, No. 98-6076, 1999 WL 685 947 (6th Cir. Aug. 24, 1999).

Seaton began his three-year term of supervised released on June 30, 2010 [Doc. 57]. In October, 2012, the probation officer petitioned the Court to revoke Petitioner's supervised release. In February, 2013, the probation officer filed an amended petition, stating that applicable guidelines range for Petitioner's supervised-release violation as 51-60 months' imprisonment, with a five-year statutory maximum [Doc. 58]. Seaton admitted the charged violations of supervised release, and the Court sentenced him to 36 months' imprisonment with no further term of supervised release [Doc. 70]. Seaton did not appeal.

1

In May, 2015, Seaton filed a § 2255 motion, claiming that his three-year revocation sentence violated the Constitution's *Ex Post Facto* Clause [Doc. 76]. Seaton argued that the maximum sentence authorized by the 1994 Guidelines Manual for his supervised-release violations was two years. Seaton later filed a supplement to the motion, wherein he requested a term of "one year or . . . at least 17 months but not more than 27 months" [Doc. 78]. The Government responded in opposition [Doc. 81].

## STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, to obtain relief, a petitioner must establish (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceedings invalid. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). He "must clear a significantly higher hurdle than would exist on direct appeal" and demonstrate a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F3d 427, 430 (6th Cir. 1998).

## ANALYSIS

As a threshold matter, this claims is procedurally defaulted, because Seaton did not raise it on appeal. A Petitioner who raises a claim for the first time on collateral review must show that (1) he had good cause for not raising it earlier and would suffer "actual prejudice" if it were not reviewed, or (2) he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Seaton has not even attempted to excuse his procedural default, so his claim must be dismissed on that basis.

Second, Seaton's claim requesting a reduced period of incarceration is moot, because Seaton was released from prison on May 10, 2017. He is not under supervision.

Third, the Court agrees with the Government that a violation of supervised release is a separate punishment that does not implicate the *Ex Post Facto* Clause. *United States v. Bryant*, 462 F. App'x 589, 591 (6th Cir. 2012) (also stating that, "in effect, a sentence for violation of supervised release is a sentence for a new offense") (internal citations omitted). The Court finds that the correct guidelines upon revoking supervised release are the guidelines in effect at the time of the supervised release violations, *not* at the time of the underlying offense. *United States v. Cofield*, 223 F.3d 405, 409 (6th Cir. 2000) ("Cofield misunderstands the critical timing at issue here. While the 1989 sentencing guidelines were appropriate for his original sentencing hearings, he violated his supervised release conditions in 1997 . . . [and] the correct guidelines for consideration of these violations were the ones in effect in 1997"). The Court agrees with the Government that the applicable maximum for Seaton was a five-year term. Therefore, Seaton's three-year sentence did not exceed it.

Petitioner has not established any error in his revocation sentence.

## CONCLUSION

The Court finds that because all of the claims presented in the Motion [Docs. 76, 78] lack merit, Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255. A hearing is unnecessary in this case. A judgment will enter **DENYING** the Motion [Doc. 76].

**IT IS SO ORDERED.**

    s/ Thomas W. Phillips
    SENIOR UNITED STATES DISTRICT JUDGE